# SUPREME COURT OF THE UNITED STATES

LISA PRICE, AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF NICKIE MILLER *v*. MONTGOMERY
COUNTY, KENTUCKY, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 23–649.   Decided July 2, 2024

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial of certiorari.

Nickie Miller was charged with murder based on the false confession of a witness. The witness later recanted her coerced confession, including in jailhouse letters she sent to her husband. Upon learning about the letters, a court ordered the witness to retrieve and turn them over to Miller's defense team. The lead prosecutor on Miller's case, Keith Craycraft, instead allegedly encouraged the witness to destroy the letters in response to the court order. The witness destroyed the letters instead of turning them over.

Miller spent two years in prison before the State dropped the charges against him. Miller then sued Craycraft and others under Rev. Stat. §1979, 42 U. S. C. §1983, for malicious prosecution, fabrication and destruction of evidence, due process violations, and conspiracy. The District Court dismissed the claims against Craycraft, concluding that he had absolute immunity as a prosecutor. The Sixth Circuit agreed, but noted that Craycraft's "successful pressuring of [the witness] to destroy her jailhouse correspondence" was "difficult to justify and seemingly unbecoming of an official entrusted with enforcing the criminal law." 72 F. 4th 711, 720 (2023). Miller now asks this Court to decide whether absolute immunity is available under §1983 when, as here, a prosecutor knowingly destroys exculpatory evidence and

defies a court order.  Pet. for Cert. i.

The Court's denial of certiorari should not signal toler-
ance of the prosecutor's conduct.[1]  The allegations, assumed
true at this stage of the case, tell a disturbing story.  Pros-
ecutors are "representative not of an ordinary party to a
controversy, but of a sovereignty whose obligation to govern
impartially is as compelling as its obligation to govern at
all; and whose interest, therefore, in a criminal prosecution
is not that it shall win a case, but that justice shall be done."
*Berger* v. *United States*, 295 U. S. 78, 88 (1935).  The prose-
cutor's conduct in this case "diminishes the dignity of our
criminal justice system and undermines respect for the rule
of law."  *Calhoun* v. *United States*, 568 U. S. 1206, 1208
(2013) (SOTOMAYOR, J., statement respecting denial of cer-
tiorari).

Prosecutorial immunity can promote "the vigorous and
fearless performance of the prosecutor's duty."  *Imbler* v.
*Pachtman*, 424 U. S. 409, 427 (1976).  This immunity has
limits, however.  For example, absolute immunity does not
apply "when a prosecutor gives advice to police during a
criminal investigation, when the prosecutor makes state-
ments to the press, or when a prosecutor acts as a complain-
ing witness in support of a warrant application."  *Van de
Kamp* v. *Goldstein*, 555 U. S. 335, 343 (2009) (citations
omitted).[2]  It is difficult to see how the conduct alleged here,

—————

[1] The Court may deny certiorari for many reasons, including that the
facts presented by a petition do not clearly or cleanly implicate a division
of authority among the lower courts.  See this Court's Rule 10.

[2] Absolute prosecutorial immunity in theory is limited to "the immun-
ity historically accorded . . . at common law and the interests behind it."
*Imbler*, 424 U. S., at 421; but see *Kalina* v. *Fletcher*, 522 U. S. 118, 132
(1997) (Scalia, J., concurring) ("There was, of course, no such thing as
absolute prosecutorial immunity when §1983 was enacted").  Further, as
Judge Nalbandian discussed in his opinion below, recent scholarship de-
tails that the 1871 Civil Rights Act included language abrogating com-
mon-law immunities that was, for unknown reasons, omitted from the

including destruction of evidence to thwart a court order, "require[s] legal knowledge and the exercise of related discretion," *id.*, at 344, or is "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U. S., at 430.

Even when absolute prosecutorial immunity applies, it "does not leave the public powerless to deter misconduct or to punish that which occurs." *Id.*, at 429. Prosecutors accused of misconduct may still face criminal liability or "professional discipline." *Ibid.*; see also *Connick* v. *Thompson*, 563 U. S. 51, 66 (2011) ("An attorney who violates his or her ethical obligations is subject to professional discipline, including sanctions, suspension, and disbarment"). Yet, these safeguards are effective only if employed.[3]

Craycraft's alleged misconduct of advising a witness to destroy evidence to thwart a court order is stunning. If this is what absolute prosecutorial immunity protects, the Court may need to step in to ensure that the doctrine does not exceed its "'quite sparing'" bounds. *Buckley* v. *Fitzsimmons*, 509 U. S. 259, 269 (1993). Otherwise, we risk leaving "victims of egregious prosecutorial misconduct without a remedy." *Michaels* v. *McGrath*, 531 U. S. 1118, 1119 (2001) (THOMAS, J., dissenting from denial of certiorari).

––––––––––

first compilation of federal law. 72 F. 4th 711, 727, n. 1 (CA6 2023) (opinion concurring in part and concurring in judgment) ("So, according to this recent scholarship, because the Civil Rights Act of 1871 explicitly abrogated the common-law immunities grounded in state law, those immunities are abrogated now *sub silentio* under the current version of §1983" (citing *Rogers* v. *Jarrett*, 63 F. 4th 971, 980 (CA5 2023) (Willet, J., concurring)); Civil Rights Act of 1871, 17 Stat. 13; A. Reinert, Qualified Immunity's Flawed Foundation, 111 Cal. L. Rev. 201, 235 (2023)). This new scholarship reinforces why, at a minimum, this immunity doctrine should be employed sparingly.

[3] See, *e.g.*, R. Barkow, Organizational Guidelines for the Prosecutor's Office, 31 Cardozo L. Rev. 2089, 2094 (2010) (observing that "criminal actions against prosecutors who willfully violate a defendant's constitutional rights . . . are almost never brought," "[n]or are prosecutors typically punished by their supervisors or removed from office").